UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS LOPEZ, | ) | No. SACV 15-2160 SVW (FFM) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE |
| v. | ) ) | DISMISSED AS TIME-BARRED |
| RAYMOND MADDEN, WARDEN, | ) ) | |
| Respondent. | ) ) | |

On December 28, 2015, Petitioner Jesus Lopez ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. The Petition challenges a 2008 conviction for first degree murder. Petitioner filed a petition for review on direct appeal with the California Supreme Court, which was denied on August 11, 2010. *See* appellatecases.courtinfo.ca.gov.

1. **LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28

U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001). Where, as here, the challenged judgment was affirmed by the state's highest court, the period of direct review ends either when the petitioner failed to file a *certiorari* petition in the United States Supreme Court and the 90-day period for doing so has expired, or when the Supreme Court has ruled on a filed petition. *See Clay v. United States*, 537 U.S. 522, 527-32 and nn.3-4, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

In this case, Petitioner does not appear to have filed a petition for *certiorari* in the United States Supreme Court. (*See* Petition at 5). Thus, under section 2244(d)(1)(A), Petitioner's conviction became final 90 days after the denial of the petition for review by the California Supreme Court. *See Clay*, 537 U.S. at 527–32 and nn.3, 4; 28 U.S.C. § 2101(d); Sup. Ct. R. 13.1. Therefore, Petitioner's conviction became final on November 9, 2010. Accordingly, the one-year limitations period expired on November 9, 2011. *See Patterson*, 251 F.3d at 1245-47. Because Petitioner did not initiate the current proceedings until August 14, 2014, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

**2.      STATUTORY TOLLING**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, a petitioner is not entitled to statutory tolling if he filed his initial state habeas petition after the one-year federal limitations period had expired. *Ferguson v. Palmateer*, 321

F.3d 820, 823 (9th Cir. 2003) (holding that 28 U.S.C. § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

According to the Petition, Petitioner initiated stated habeas proceedings on November 11, 2011, (Dkt. No. 1 at 3), two days after the federal one-year limitations period had expired. Because § 2244(d) "does not permit the reinitiation of the limitations period," Petitioner is not entitled to statutory tolling in this case. *See Ferguson*, 321 F.3d at 823.

### 3. EQUITABLE TOLLING

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible *and* the petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). The petitioner bears the burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner has not made any allegation that suggests that equitable tolling may be appropriate. Petitioner has made no showing of extraordinary circumstances or of diligence and, therefore, has not demonstrated that he is entitled to equitable tolling.

### 4. ORDER TO SHOW CAUSE

Under the allegations and facts of the Petition, Petitioner has not demonstrated that he is entitled to a later start date. Therefore, and because the Petition does not demonstrate any basis for tolling the statute, the Court orders Petitioner to show cause in writing within 15 days of the date of this order why

the Petition should not be dismissed as time-barred. If Petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed as time-barred.

IT IS SO ORDERED.

DATED: March 11, 2016

/S/ FREDERICK F. MUMM

FREDERICK F. MUMM

United States Magistrate Judge